Grant H. Lawson WSB #6-4260
Tamara Schroeder Crolla #6-3976
Metier Law Firm, LLC
259 South Center St. Suite 313
Casper, WY 82601
Mailing Address:
4828 S. College Ave.
Fort Collins, Co 80525
(307)-237-3800 Office
(970) 225-1476 Fax
grant@metierlaw.com
tami@metierlaw.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 NOV 17 PM 3:09

MARGARET BOTKINS, CLERK
CASPER

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| ASISI DERVISHI and VAJOLE DERVISHI, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL NO. 20CV211-S |
| vs. | ) |
| | ) |
| WERNER ENTERPRISES INC., a Nebraska Corporation, EBNER INDUSTRIAL, LLC., a Wyoming Limited Liability Company d/b/a ELK MOUNTAIN DIESEL and JEAN DOMINGUE, individually, and John Does and John Doe Corporations, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND JURY DEMAND

Plaintiffs, by and through their attorneys Grant H. Lawson and Tamara Schroeder Crolla of the Metier Law Firm, LLC, for their claims for relief against the Defendants Werner Enterprises, Inc., Ebner Industrial, LLC., d/b/a Elk Mountain Diesel, Jean Domingue and John Does and John Doe Corporations state and allege as follows:

1

## PARTIES

1. At all times relevant to the facts alleged in this Complaint, Plaintiffs were residents of the State of Florida. Plaintiffs are husband and wife.

2. Defendant Werner Enterprises, Inc., ("Werner") is a trucking business that conducts truck driving operations throughout the United States, including the State of Wyoming, and is a Nebraska Corporation with its principal place of business in Omaha, Nebraska.

3. Upon information and belief, Defendant Jean Domingue ("Domingue"), driver of the truck, was employed by Defendant Werner and was at all times a resident of Florida.

4. Defendant Ebner Industrial LLC., d/b/a Elk Mountain Diesel ("Ebner") is a Wyoming Limited Liability Company with its principal place of business in Rawlins, Wyoming.

5. The motor vehicle collision which is the subject of this action occurred within the state of Wyoming.

6. At the time of the subject collision, Defendant Domingue was driving Defendant Werner's truck in the course and scope of employment. In the alternative, Defendant Domingue was driving within the scope of his authority as an agent of Defendant Werner.

7. Plaintiff was severely and permanently injured by the collision which occurred in Carbon County, Wyoming.

8. Under the doctrine of respondeat superior, Defendant Werner is vicariously liable for any act or omission of an officer, agent, servant or employee made while acting in the scope of authority delegated by the company, or within the scope of the duties of the employee, which were the direct and proximate cause of the injuries and damages the Plaintiffs incurred.

9. Defendants John Does and John Doe Corporations by and through their negligence contributed to the damages of the Plaintiffs. The identity of any additional negligent parties are unknown to the Plaintiff despite Plaintiff's best efforts to identify additional parties.

## JURISDICTION & VENUE

10. Plaintiffs incorporate by reference all statements contained in the numbered paragraphs above.

11. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy is substantially in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. This Court has both personal and subject matter jurisdiction.

12. Pursuant to 28 U.S.C. § 1391(b)(2), an action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. The acts and omissions alleged in this complaint occurred in Wyoming.

13. Pursuant to Florida Statute 440.39 Plaintiffs have given notice of this lawsuit by service of this Complaint to Protective Insurance Company, the Worker's Compensation Carrier in this matter, by Registered Certified Mail.

## GENERAL STATEMENTS OF FACT

14. Plaintiffs incorporate by reference all statements contained in the numbered paragraphs above.

15. On January 20, 2017, at approximately 8:58 a.m., Defendant Asisi Dervishi was sitting in a towing service truck owned by Defendant Ebner. The vehicle was parked facing eastbound in the median of Interstate 80 in Carbon County, Wyoming.

16. Defendant Domingue while driving Defendant Werner's tractor trailer was traveling Westbound on Interstate 80 and was approaching Defendant Ebner's and Plaintiff Dervishi's location.

17. Defendant Domingue lost control of the Werner vehicle due to driving too fast for the condition of the icy road and crashed into the Ebner vehicle in which plaintiff Dervishi was non-motorist occupant.

18. Defendant's action in not slowing down for the icy road conditions was voluntary and willful. Defendant's action was done in reckless disregard of the consequences and under such conditions that a reasonable person would know, to a high degree of probability, that serious injury or death would occur in any collision.

19. Defendant Werner has a duty to adequately screen, hire, train, and supervise its drivers in a manner which ensures safety on public highways.

20. Defendant Werner approved of, and ratified, Defendant Domingue's driving conduct.

21. Defendant Werner has (and at all times material had) a duty to ensure Defendant Domingue was able to safely perform the duties for which he was responsible behind the wheel of a tractor-trailer.

22. At all times material hereto, Defendant Werner's driver was driving a commercial motor vehicle in interstate commerce and was subject to Wyoming traffic laws and trucking safety regulations, as well as the Federal Motor Carrier Safety Regulations.

23. Defendant Ebner owed a duty to Plaintiff Dervishi not to place Plaintiff in harm's way.

24. As a direct and proximate result of Defendants' negligent acts and omissions, Plaintiffs suffered injuries, damages, and losses.

## FIRST CAUSE OF ACTION:
## NEGLIGENCE OF DEFENDANT WERNER

25. Plaintiffs allege and incorporate by reference herein all of the allegations contained in this Complaint and further allege as follows:

26. Defendant Werner, by and through the acts and omissions of Defendant Domingue, its employee and/or agent, breached and violated the duty of reasonable care at the time and place of the events described herein, leading up to and including the collision.

27. Defendants owed a duty to the Plaintiff to properly use all safety protocols to insure proper and safe operation of the vehicle Domingue was driving.

28. Such breaches and violations were the direct and proximate cause of Plaintiffs' damages, as more specifically detailed in the section of this Complaint entitled "DAMAGES." The acts and omissions constituting such violations and breaches include, but are not limited to, the following:

   a. Failure to exercise reasonable care under the circumstances, including but not limited to the failure to maintain control of the vehicle, failure to maintain a proper lookout, excessive speed, and improper movement;

   b. Failure to exercise reasonable care in the operation and maintenance of Defendant's vehicle;

   c. Failure to comply with Wyoming Statutes, the FMCSA rules and regulations, and the rules of the road, which failure amounts to negligence under Wyoming law.

29. The acts and omissions of the Defendants were negligent, grossly negligent, reckless, willful, and wanton.

30. Defendant Werner is vicariously liable for the wrongful acts and omissions of Defendant Domingue, its employee and/or agent, including the negligence of Defendant Domingue and his actions and omissions which constitute a willful and/or reckless disregard for the health and safety of the Plaintiff.

## SECOND CAUSE OF ACTION:
## NEGLIGENCE OF DEFENDANT DOMINGUE

31. Plaintiffs allege and incorporate by reference herein all of the allegations contained in this Complaint and further alleges as follows:

32. Defendant Domingue is independently liable for his own acts and omissions.

33. To the extent Defendant Domingue may have been driving on behalf of an unknown business entity at the time of the collision, this Complaint shall be construed as alleging a cause of action against such entity.

34. As a result of Defendant Domingue's negligent acts and/or omissions Plaintiff was injured.

35. As described herein and above, Defendant Domingue's actions were negligent, reckless, willful and wanton.

36. As a direct and proximate result of the acts and omissions of the Defendant as alleged herein, Plaintiff sustained serious and permanent personal injuries and economic losses, and suffered damages as more particularly set forth below in the section of this Complaint entitled "DAMAGES."

## THIRD CAUSE OF ACTION:
## NEGLIGENCE OF DEFENDANT EBNER

37. Plaintiffs allege and incorporate by reference herein all of the allegations contained in this Complaint and further alleges as follows:

38. Defendant Ebner, by and through their acts and omissions violated the duty of reasonable care at the time and place of the events described herein, leading up to and including the collision.

39. Defendants owed a duty to the Plaintiff to properly use all safety protocols to insure that the plaintiff was not exposed to unreasonable risk of injury or other harm while in Defendant's vehicle.

40. Upon information and belief, Defendant Ebner had a duty to follow state and federal laws and regulations on providing warnings and notice to the traveling public, including defendant Werner and Domingue of the hazardous conditions.

41. Upon information and belief defendant Ebner was negligent in following state and federal laws and regulations to provide adequate and reasonable notice of the hazardous condition.

42. Such breaches and violations were the direct and proximate cause of Plaintiffs' damages, as more specifically detailed in the section of this Complaint entitled "DAMAGES." The acts and omissions constituting such violations and breaches include, but are not limited to, the following:

   a. Failure to exercise reasonable care under the circumstances, including but not limited to the failure to protect plaintiff from unreasonable risk or harm;

   b. Failure to exercise reasonable care in the placement of Defendant's vehicle in the roadway or median;

   c. Failure to adequately warn on-coming vehicles of the stopped vehicle in the median.

43. The acts and omissions of the Defendants were negligent, grossly negligent, reckless, willful, and wanton.

44. As a direct and proximate result of the acts and omissions of the Defendant as alleged herein, Plaintiff sustained serious and permanent personal injuries and economic losses, and suffered damages as more particularly set forth below in the section of this Complaint entitled "DAMAGES."

## DAMAGES

45. Plaintiffs allege and incorporate by reference herein all of the allegations contained in paragraphs above and further allege as follows.

46. As a direct and proximate result of the negligent, and/or reckless, willful, wanton conduct by the Defendants, Plaintiff was injured.

47. As a direct and proximate result of the negligent, and/or reckless, willful, wanton conduct by the Defendants, Plaintiff Asisi Dervishi suffered severe physical injuries to, *inter alia*, his neck, left hip and left shoulder and accompanying emotional and psychological injuries.

48. As a direct and proximate result of the negligent, and/or reckless, willful, wanton conduct by the Defendants, Plaintiff Vajole Dervishi suffered loss of her husband's consortium, including but not limited to his care, comfort and society.

49. Plaintiffs are entitled to collect the following damages:

    (a) Pain, suffering and emotional distress, past and future;

    (b) Loss of earnings and earning capacity, past and future;

    (c) Loss of enjoyment of life, past and future;

    (d) Medical expenses, past and future, including the cost of care, which can reasonably be expected to be incurred in the future in an amount to be set forth at trial;

    (e) Loss of consortium;

    (f) Temporary and permanent disability and disfigurement;

    (g) Exemplary damages because the Defendant acted in a reckless, willful, wanton manner.

    (h) Costs of this action and such other damages as are fair and just.

## JURY DEMAND

Plaintiffs hereby respectfully request a jury trial on all issues presented by the above Complaint.

**WHEREFORE,** Plaintiffs request that this Court enter judgment against the Defendants in an amount as supported by the allegations of this Complaint, as follows:

1. Judgment against the Defendants for general damages in an amount consistent with the allegations contained herein and to be proven at trial.

2. Judgment against the Defendants for special damages in an amount consistent with the allegations contained herein and to be proven at trial.

3. Judgment against the Defendants for punitive and exemplary damages in an amount sufficient to punish the Defendants and deter future reckless conduct and to be proven at trial.

4. Judgment for costs, interest, and such other and further relief as the Court deems just and equitable.

5. All for such other and further relief as seems proper to the Court under the circumstances.

DATED this 17th day of November 2020.

Grant H. Lawson WSB #6-4260
Tamara Schroeder Crolla #6-3976
Metier Law Firm, LLC
259 South Center St. Suite 313
Casper, WY 82601
Mailing Address:
4828 S. College Ave.
Fort Collins, Co 80525
(307)-237-3800 Office
(970) 225-1476 Fax
grant@metierlaw.com
tami@metierlaw.com